**WO**  MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward F. Parks, ) | No. CV 12-8155-PCT-GMS (DKD) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Mohave County, et al., ) | |
| Respondents. ) | |

On August 1, 2012, Petitioner Edward F. Parks, who is confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed *In Forma Pauperis*. In an August 23, 2012 Order, the Court denied the deficient Application to Proceed and gave Petitioner 30 days to either pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On August 24, 2012, Petitioner filed a Motion to Proceed Without Appellate Counsel (Doc. 5). On August 29, 2012, he filed a second Application to Proceed *In Forma Pauperis* and an untitled Document (Doc. 7). On September 14, 2012, Petitioner filed a "Motion to Proceed with 5.00 payment of Filing Fees" (Doc. 8).

In a September 17, 2012 Order, the Court denied Petitioner's second Application to Proceed because he had more than $25.00 in his inmate account. The Court gave Petitioner 30 days to pay the $5.00 filing fee.

1    On September 28, 2012, Plaintiff filed a "Motion to Present, 13-603-L Commutation of Sent[e]nce, also Rule 32; File May 4th" (Doc. 10) and paid the filing fee.

The Court will dismiss this case and will deny the pending motions.

**I.     Petition**

Petitioner alleges that he was convicted in Mohave County Superior Court, case CR-2011-0853. He names Mohave County, Arizona, and Charles Ryan as Respondents and the Arizona Attorney General as an Additional Respondent   Petitioner raises four grounds for relief in his Petition. He also alleges that he has a petition for post-conviction relief pending in the Mohave County Superior Court.

**II.    Discussion**

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. The failure to exhaust subjects the Petition to dismissal. See Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).

If a prisoner has post-conviction proceedings pending in state court, the federal exhaustion requirement is not satisfied. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (pending appeal); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (pending post-conviction proceeding). The prisoner must await the outcome of the pending state-court challenge before proceeding in federal court, "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Sherwood, 716 F.3d at 634. The pending state-court proceeding could affect the conviction or sentence and, therefore, could ultimately affect or moot these proceedings. Id.

In light of Petitioner's pending petition for post-conviction relief, the Petition is premature and must be dismissed. See id.; Schnepp. The Court will dismiss the case without prejudice. In addition, the Court will deny as moot Petitioner's pending motions.

**IT IS ORDERED:**

(1) Petitioner's Petition for Habeas Corpus (Doc. 1) and this case are **dismissed without prejudice**.

(2) Petitioner's Motion to Proceed Without Appellate Counsel (Doc. 5), untitled Document (Doc. 7), "Motion to Proceed with 5.00 payment of Filing Fees"(Doc. 8), and "Motion to Present, 13-603-L Commutation of Sent[e]nce, also Rule 32; File May 4th" (Doc. 10) are **denied as moot**.

(3) The Clerk of Court must enter judgment accordingly and close this case.

(4) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 16th day of October, 2012.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge

- 3 -